## CIRCUIT COURT OF BEDFORD COUNTY

Calvin R. Krantz et al.

v.

Dennis W. Krantz et al.

December 21, 1993

Case No. (Chancery) 16767

By Judge J. Michael Gamble

I am writing this opinion letter to render my opinion on the various issues raised in this case. This case involves the estate of James Henry Krantz ("Mr. Krantz"). It involves various issues including the interpretation of the will of Mr. Krantz, determination of the assets that comprise the estate, the valuation of the estate assets, the determination of debts due the estate by various beneficiaries, executors' fees, and attorneys' fees.

The first issue involves the real estate of James Henry Krantz. At the time of his death, he owned a parcel of land containing 14.33 acres located in Bedford County. His home is located on this property. In Article II of his will, he made a conditional devise of .838 acre of his property to his son. The will set forth that his son is Chad Lawson Krantz. Contrary to the text of the will, Chad Lawson Krantz is his grandson. The greater weight of the evidence indicates that Mr. Krantz intended to devise this property to his son, James A. Krantz, the father of Chad Lawson Krantz. Accordingly, the Court finds that the intent was to devise the .838 acre to his son, James Krantz, rather than his grandson, Chad Lawson Krantz. The real issue, however, is whether the condition of this devise had been fulfilled. In Article II of his will, James H. Krantz provided that the .838 acre would be devised to his son if his son remains in possession of the mobile home located on the portion of land described as .838 acre. At the time of his death on October 5, 1992, his son, James A. Krantz, had moved from the .838 acre and had sold the mobile home. Other evidence in the case indi-

cated that he had acquired another parcel of land and had even installed a septic system on the other parcel. James A. Krantz, however, testified that he was forced off the property by certain siblings turning off the water supply and engaging in other harassing tactics. The siblings denied that this was done. In fact, they stated that the father, James H. Krantz, had done these things.

Notwithstanding the above, the real issue is whether all conditions precedent to the devise of the .838 acre had been satisfied. The evidence is clear that these conditions had not. Clearly, neither James A. Krantz, the son of James H. Krantz, or Chad Lawson Krantz, the grandson of James H. Krantz, remained in possession of the mobile home at the time of death. A will speaks as of the time of death. Thus the condition precedent has not been satisfied. It is ancient law in Virginia that where lands are devised on condition and the condition is not fulfilled, the estate goes to the remaindermen or through a residuary clause. 20 M.J., *Wills*, Section 136; *Goodright v. Batson*, 1 Va. Col. Dec. R65 (1731).

Accordingly, the devise of the .838 acre fails, and this property passes under the residuary clause to the seven children of James H. Krantz.

Floyd A. Krantz, one of the seven children of James H. Krantz, has made a written offer to purchase the 14.33 acres for the sum of $40,000.00. Based on the assessed value, the appraisal by Milton Appraisal Company, Inc., and the appraisal by Albert W. Sloss, the Court finds that the fair market value of this property is $40,000.00. The executors should accept this offer. Accordingly, the Court directs that the executors accept this offer from Floyd A. Krantz and sell the real estate to him for $40,000.00.

The executors are allowed to charge one commission of 2.5% on this sale. The will gives the executors the power to sell but does not expressly direct them to sell. Because they do not have the right to sell, the commission that they may charge cannot exceed two and one-half percent of the sale price. *Perrow v. Payne*, 203 Va. 17, 26 (1961).

Next, the Court will turn to the issues of the personal property. There are allegations and cross-allegations that various members of the family have removed certain items of personal property from the home premises of James H. Krantz. Prior to an auction set for May 1, 1993, Calvin R. Krantz, another child of James H. Krantz, offered to purchase the tangible personal property in the estate, including an automobile, for the sum of $7,000.00. At the time that he made this offer, an auction flyer had been prepared. This flyer did not include many items of the tangible personal

property which various children testified were missing. Calvin R. Krantz obtained a cashier's check in the amount of $7,000.00 but has not paid for the property because he says certain tangible personal property is missing. This includes guns and jewelry.

It is very difficult for the Court to ascertain all of the tangible personal property that was removed from the premises. It is clear that many items of tangible personal property have been removed from the premises. It seems clear that children on both sides of this issue have removed this property. It is also clear that the co-executors have done a very poor job in preserving the estate's personal property assets.

In fact, Easter K. Wright, one co-executor, has removed certain firearms from the premises. She claims that these firearms were given to her. However, she can exhibit no evidence of these gifts except her own testimony. Accordingly, the Court finds that she must return these firearms to the estate. If she does not do so, then her share is to be reduced by the sum of $1,100.00, which the Court finds to be the value of these firearms. These funds shall be evenly divided among all seven children (including Easter K. Wright).

Additionally, the Court finds that the greater weight of the evidence indicates that Betty K. Crawford removed jewelry from the estate. The best evidence of the value of this jewelry is $400.00. Although the Court suspects that this jewelry may be of greater value, the only evidence before the Court is $400.00. Thus, the Court will direct that the share of Betty K. Crawford be reduced by the sum of $400.00 and divided among all seven of the children of James H. Krantz named in the residuary clause (including Betty K. Crawford).

Calvin R. Krantz entered into a contract to purchase the tangible personal property dated April 27, 1993. In the contract, he agreed to buy, and the executors agreed to sell, all of the household goods and personal property, including the 1987 Chevrolet Celebrity. Accordingly, the Court directs that this contract be completed. Calvin R. Krantz is to pay the $7,000.00 to the executors, and the executors are to deliver to him the tangible personal property set forth on the auction flyer. This does not include the jewelry or the firearms that were not included on the auction flyer. These assets, or their value, will be distributed equally among all of the beneficiaries.

The next issue concerns the debts that are owed to the estate. In his will, James H. Krantz provided under Article III that the share of each child is to be reduced to the extent of the child's indebtedness to him at the time of

his death. The date of his will is December 4, 1989. There was found in his safety deposit box a writing dated September 27, 1989, which set forth the debts owed to him by his children. On this writing $3,100.00 was owed by James A. Krantz, $3,100.00 was owed by Calvin R. Krantz, and $30.00 was owed by Betty K. Crawford. The Court finds that the document dated September 27, 1989, showing the debts owed by various children must be honored. Under the law of Virginia, it is clear that extrinsic paper may be incorporated into a will by reference. There are three criteria that must be satisfied. They are as follows: it must be a paper in existence at the time of the execution of the will; it must appear from the face of the will that it is a paper and its actual existence at that time; and it must be identified and described with reasonable certainty in the will. *Triplett v. Triplett*, 161 Va. 906 (1934); and *Thrasher v. Thrasher*, 202 Va. 594, 603 (1961).

All three requisites have been satisfied under Article III of the will of James H. Krantz. Accordingly, the share of James A. Krantz, Calvin R. Krantz, and Betty K. Crawford are to be reduced by the amounts set forth in that document. The reduced amount shall then be divided equally among all seven beneficiaries under the residuary clause of the will of James H. Krantz (including James A. Krantz, Calvin R. Krantz, and Betty K. Crawford).

I will next turn to the executors' fees. Customarily, an executor may charge a fee of 5% of the value of the tangible personal property and 5% of the money in the estate. This, however, is within the discretion of the Court. In this case, the Court finds that the executors have done a less than adequate job in preserving the estate. For this reason, the Court will only allow the executors to charge a fee of 2.5% of the value of the tangible personal property and the money in the estate. As noted above, the Court has already set a 2.5% commission on the sale of the real estate.

Additionally, Easter K. Wright, one of the executors, has filed a claim for mileage. While some of the mileage is justified, much of it involves the ongoing dispute between the children, including Easter K. Wright. Therefore, the Court will not award all of this expense. The Court will grant her reimbursement for 300 miles at twenty-two cents per mile.

The next issues concern attorneys' fees charged by the attorneys for representing the parties in the instant litigation. The issue is whether or not any of these attorneys' fees should be paid out of the estate.

In this respect, it is clear to the Court that the attorneys have contributed significantly to the resolution of this problem. The attorneys have brought

the issues forward and presented them efficiently to the Court. Therefore, the Court finds the attorneys have rendered a benefit to the estate. Accordingly, $1,500.00 shall be paid on account of the attorney's fees of J. Leyburn Mosby, Jr., and $1,500.00 shall be paid on the account of William R. Light from the estate funds. This ruling does not set the fee of either Mr. Mosby or Mr. Light. This is just awarded on their respective accounts for service to the estate.

The last issue concerns the burial of Mr. Krantz. The evidence indicated that Mrs. Krantz is buried in Moneta, and Mr. Krantz was buried in Huddleston. These are two separate parts of Bedford County. Even though this is a sad and unusual practice (caused primarily by the discord among the children), the Court will not change the burial sites. It appears that the children made the agreement to bury the father in Huddleston. Because the parties have made their agreement, they now must abide by the agreement.

I direct that the executors complete the administration of this estate by May 1, 1994.